IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.: 4:92cr4013/WS/CAS
 4:16cv447/WS/CAS

PATRICK HOWELL,

    Defendant.

___

# O R D E R

This matter is before the court upon Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.  (ECF No. 2153).  Rule 4(b) of these rules provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant Patrick Howell and several other codefendants were the principal leaders of an elaborate drug operation that operated in several Southern states. In March of 1993, Defendant was found guilty of numerous drug and racketeering offenses. (*See* ECF No. 1798). In May of 1993, Defendant was sentenced to life imprisonment. His convictions were affirmed on appeal. *See* United States v. Mothersill, 87 F.3d 1214, 1217-20 (11th Cir. 1996).

In October of 1997, Defendant filed an amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (*See* ECF No. 1167). In April of 2000, Defendant's amended motion was denied. (ECF Nos. 1372, 1381). Defendant appealed, and the Eleventh Circuit Court of Appeals remanded the case for a determination of whether a certificate of appealability should issue. (ECF No. 1538). On remand, the court denied a certificate of appealability. (ECF No. 1549). Defendant filed a notice of appeal which the Eleventh Circuit construed as a motion for a certificate of appealability and denied. (ECF No. 1559).

Case Nos.: 4:92cr4013/WS/CAS; 4:16cv447/WS/CAS

In the instant motion, Defendant seeks sentencing relief under <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015). (ECF No. 2153). Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); <u>Felker v. Turpin</u>, 518 U.S. 651 (1996). Defendant filed the required application seeking to file a second or successive § 2255 motion. However, on July 21, 2016, the Eleventh Circuit Court of Appeals denied Defendant's application because he failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255(h). (ECF No. 2154). Therefore, the instant motion to vacate must be dismissed because the court lacks jurisdiction to consider Defendant's successive § 2255 motion without proper authorization.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

Case Nos.: 4:92cr4013/WS/CAS; 4:16cv447/WS/CAS

showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.  Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (ECF No. 2153) be **SUMMARILY DISMISSED**.

Case Nos.: 4:92cr4013/WS/CAS; 4:16cv447/WS/CAS

2.   A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this  15th   day of August, 2016.

S\  CHARLES A. STAMPELOS
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:92cr4013/WS/CAS; 4:16cv447/WS/CAS